# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No. 2:14-CV-00029-VEB

JAMES C. RENGGLI,

               Plaintiff,    DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

## I. INTRODUCTION

In January of 2011, Plaintiff James C. Renggli applied for Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by Paul Ralph Kosewski, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 4).

On September 2, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 12).

## II. BACKGROUND

The procedural history may be summarized as follows:

On January 17, 2011, Plaintiff applied for DIB, alleging disability beginning January 1, 2010. (T at 196-97).[1] The application was denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On July 24, 2012, a hearing was held before ALJ Marie Palachuk. (T at 28). Plaintiff appeared with an attorney and testified. (T at 76-92). The ALJ also received testimony from two medical experts, Dr. Jeremy Landow (T 33-70) and Dr. Jay Toews (T at 70-76), and Jinne Lawson, a vocational expert. (T at 96-110), as well as Karen Ann Renggli, Plaintiff's wife. (T at 92-96).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 8.

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB

On September 14, 2012, the ALJ issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 8-27). The ALJ's decision became the Commissioner's final decision on November 22, 2013, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On January 21, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 1). The Commissioner interposed an Answer on April 11, 2014. (Docket No. 7).

Plaintiff filed a motion for summary judgment on August 11, 2014. (Docket No. 11). The Commissioner moved for summary judgment on October 13, 2014. (Docket No. 16). Plaintiff filed a reply memorandum of law on November 13, 2014. (Docket No. 17).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB

## C.   Commissioner's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. (T at 13). The ALJ determined that Plaintiff's degenerative disc disease of the lumbar spine, failed back syndrome post fusion, obesity, obstructive sleep apnea, and diabetes mellitus were "severe" impairments under the Act. (Tr. 13-15).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 15-16).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work as defined in 20 CFR § 416.967 (a). The ALJ found that Plaintiff could never climb ladders, ropes, or scaffolds; could occasionally stoop, knee, crouch, crawl, and climb ramps or stairs; needed to work in an air-conditioned environment; and must avoid concentrated exposure to respiratory irritants and even moderate exposure to hazards. (T at 16-22).

The ALJ found that Plaintiff could perform his past relevant work as a Senior Software Engineer and Computer Consultant. (T at 22-23). As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from

January 1, 2010 (the alleged onset date), through September 14, 2012 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 23). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

As a threshold matter, this Court admonishes Plaintiff's counsel for extraordinarily sloppy and poorly organized papers. Plaintiff's submissions do not comply with Local Rule 10.1 of this Court, which requires double-spaced pleadings and limits documents to no more than 280 words per page. Plaintiff's summary judgment motion is 32 pages long (almost all of them single-spaced, with extremely small font),[2] which violates the 20-page limit prescribed in Local Rule 7.1 (e). Plaintiff's arguments are presented as a continuous "stream of consciousness," without subheads or sections to separate one argument from another. In sum, Plaintiff's papers do not conform either to the Local Rules or to the most basic standards of writing style (to say nothing of the rudiments of effective advocacy). Any further submissions to this Court by Plaintiff's counsel must, at a minimum, comply with the Local Rules.

---

[2] In addition, the font type and size change several times, seemingly at random, throughout the papers.

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB

As best as this Court can discern, Plaintiff raises three (3) principal arguments: First, he challenges the ALJ's step four analysis.  Second, Plaintiff contends that the ALJ did not adequately develop the record or consider all of the necessary evidence.  Third, Plaintiff challenges the ALJ's RFC determination and argues that the evidence requires a remand for calculation of benefits.  This Court will address each argument in turn.

### 1.        Past Relevant Work

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work.

Although the claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC

and the demands of the past relevant work must be based on evidence in the record.
*See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

The Regulations provide that a vocational report and the claimant's testimony should be consulted to define the claimant's past relevant work as it was actually performed. *Id.*; SSR 82-61, 82-41.   With respect to the question of how the claimant's past relevant work is generally performed, the "best source" is "usually" the *Dictionary of Occupational Titles* ("DOT"). *See id.*, 20 CFR §§ 404.1566 (d) and 416.966 (d).

In this case, the ALJ concluded that Plaintiff retained the RFC to perform his past relevant work as a Senior Software Engineer and Computer Consultant. (T at 22-23).   The ALJ referenced the DOT descriptions of these occupations, which indicated that they required an ability to perform sedentary work. (T at 23).   The ALJ also noted the testimony of the vocational expert, who opined that a hypothetical claimant with Plaintiff's RFC (as determined by the ALJ), age, and work experience could work as a software engineer and computer consultant. (T at 99-101).   Plaintiff also provided information about his work experience.   In particular, he reported that his work as a software engineer required him to sit for 6 hours per day, occasionally lift 20 pounds, and frequently lift less than 10 pounds. (T at 223).   His work as a consultant required three hours per day of sitting, two hours

of standing, three hours of walking, occasional lifting of 50 pounds, and frequent lifting of 10 pounds. (T at 224).

Aside from Plaintiff's reference to occasional lifting of 50 pounds with regard to the consultant petition, the ALJ's step four findings were consistent with Plaintiff's own description of his duties.  In addition, the ALJ's conclusions were supported by the DOT descriptions and vocational expert's testimony.  Plaintiff suggests the ALJ should have considered a report submitted by Michael Johnson, an information technology manager with 21 years of experience.  In a report apparently solicited by Plaintiff's counsel, Mr. Johnson explained that Plaintiff's prior computer programming experience would not necessarily translate into a position in today's information technology market, as the programming protocols have changed significantly since Plaintiff last worked in the field. (T at 287)  However, the ALJ is not obligated to "demonstrate that the claimant's past relevant work exists in significant numbers in the national economy in order to support a finding of no disability." *Abdich v. Colvin*, 12-cv-02172, 2013 U.S. Dist. LEXIS 180864, at *20 (D. Or. Dec. 27, 2013)(citing *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003)).  In other words, a step four finding that a claimant can perform past relevant work does not require a determination as to whether that work currently exists. If the claimant can perform his or her past relevant work, that is sufficient to satisfy the step four

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB

analysis.  *See Thomas*, 540 U.S. at 25.  Accordingly, this Court finds no reversible error as to the ALJ's step four analysis.

In addition, contrary to Plaintiff's argument, because the ALJ found that Plaintiff had not met his burden of proof with regard to step four, she was not required to proceed to the step five analysis. *See Crane v. Shalala*, 76 F.3d 25, 255 (9th Cir. 1995).

### 2.        Development of the Record/Consideration of Evidence

Karen Ann Renggli, Plaintiff's wife, testified at the administrative hearing. (T at 92-96).  Although the ALJ found Mrs. Renggli "generally credible as to her observations," she noted that many of Mrs. Renggli's statements were inconsistent with the medical evidence. (T at 20).  Plaintiff's counsel claims that, after the conclusion of the hearing, he asked the ALJ to re-open the record and allow Mrs. Renggli to testify concerning additional observations she made of Plaintiff during the hearing.  In an affidavit signed on October 5, 2012, Mrs. Renggli explained that Plaintiff was sweating heavily during the hearing. (T at 293).  Plaintiff contends that Mrs. Renggli should have been permitted to place this observation on the record.

The Commissioner suggests that this argument should be rejected because there is no evidence in the record that Plaintiff's counsel asked the ALJ to go back "on the record."  This argument, of course, begs the question.  It is precisely the

ALJ's (apparent) refusal to go back on the record that prevented counsel from placing his objection on the record.  In any event, counsel documented the request, along with the proffer of what Mrs. Renggli's testimony would have been, in the October 2012 affidavit. (T at 293-94).

With that said, it is apparent that the additional testimony, even if it had been permitted and considered, would not have changed the outcome of the ALJ's decision.  Mrs. Renggli completed a function report in February of 2011, wherein she advised that any physical movement caused Plaintiff to break into a sweat. (T at 242).  The ALJ made specific reference to this aspect of the record and concluded that Plaintiff needed to work in an air-conditioned environment. (T at 17, 20).  This Court thus finds no reason to believe Plaintiff was prejudiced by the fact that Mrs. Renggli was (apparently) not permitted to place this observation on the record and this Court finds no error as to this aspect of the ALJ's decision.

Plaintiff also complains that the ALJ failed to address a statement made by Mary Steenblik, the hearing monitor, during the administrative hearing.  Toward the end of the hearing, Ms. Steenblik made the following statement to Plaintiff "You can stand if you want." (T at 82).  Plaintiff declined, saying it "doesn't do any good." (T at 82).  Plaintiff contends that Ms. Steenblik's offer was motivated by an observation that Plaintiff was having trouble remaining seated, which observation in turn

supports Plaintiff's claimed difficulties with prolonged periods of sitting and concentrating.    However, the ALJ discussed the medical evidence concerning Plaintiff's limitations in detail and concluded that he retained the RFC to sit for 6 hours in an 8-hour workday and perform the mental demands of basic work activity. (T at 16-17).  Even viewing Ms. Steenblik's stray remark in the light most favorable to Plaintiff, it is not possible to conclude that this limited lay observation undermined in any meaningful way the ALJ's RFC determination, which was supported by substantial evidence for the reasons outlined below.

### 3.        Substantial Evidence

Plaintiff generally challenges the ALJ's findings and contends that a remand for calculation of benefits is warranted.    This Court finds the ALJ's decision supported by substantial evidence.

Dr. Jeremy Landau, a medical expert, reviewed Plaintiff's medical records and testified at the administrative hearing.  Dr. Landau opined that Plaintiff could stand or walk for 2 hours in an 8-hour workday, could sit without limitation (provided he could stand and stretch for 1-3 minutes about once an hour), and lift/carry 10 pounds frequently and 20 pounds occasionally. (T at 22, 41-42).  Dr. Landau found that Plaintiff could occasionally stoop, bend, and climb stairs; could not operate heavy machinery or motorized vehicles; and would need to work in an

air conditioned environment free of excessive pollutants. (T at 22, 42-43). Plaintiff's counsel was afforded an opportunity to cross-examine Dr. Landau extensively. (T at 44-70). The ALJ afforded Dr. Landau's assessment significant weight, finding the assessment consistent with the treatment history, clinical findings, and MRI results. (T at 22). It is well-settled that "an ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)); *see also Moody v. Astrue*, No CV-10-161, 2011 U.S. Dist. LEXIS 125165, at *22-23 (E.D. Wash. Oct. 28, 2011)(finding that ALJ did not err in giving greater weight to medical expert's opinion over treating psychiatrist's opinion).

Dr. Guillermo Rubio, a non-examining State Agency review consultant, rendered an assessment in May of 2011 consistent with Dr. Landau's findings and the ALJ's RFC determination. Dr. Rubio opined that Plaintiff could perform light work, with some postural and environmental limitations. (T at 124-32). The ALJ gave some weight to this assessment. *See Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)("The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and

is consistent with it.")(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Dr. Jay Toews, a psychologist, examined the record and testified at the administrative hearing.  Dr. Toews concluded that Plaintiff had no restriction in his ability to perform activities of daily living, mild restriction with social functioning, and no restrictions in concentration, persistence, or pace. (T at 21, 74).  Dr. Toews's conclusion was consistent with the findings of two other review consultants, Dr. Mary Gentile and Dr. Edward Beaty, both of whom found that Plaintiff did not have a severe mental health impairment. (T at 113-17, 127-28).

The ALJ also found that Plaintiff's activities of daily living (which included household chores, cooking, and extended travel) were inconsistent with his claims of disabling limitations. (T at 20).  When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict

claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Plaintiff argues that the ALJ should have given controlling weight to the opinions of Dr. Allen Seely, his treating physician, and Dr. Dennis Pollack, a psychiatric consultative examiner, both of whom opined that Plaintiff had marked limitations.  A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Here, the opinions of Dr. Seeley and Dr. Pollack were contradicted by the conclusions of Drs. Gentile, Rubio, Beaty, Landau, and Toews and the ALJ provided specific and legitimate reasons for discounting their assessments.  More specifically, Dr. Pollack's assessment was internally inconsistent.  He opined that Plaintiff would have a marked limitation with regard to his ability to perform activities within a

schedule, maintain regular attendance, and be punctual within customary tolerances. (T at 521).    However, Dr. Pollack's clinical and other findings contradict this conclusion. For example, he described Plaintiff as "friendly and cooperative" throughout the testing, giving detailed answers, with logical and progressive thinking. (T at 515).    Dr. Pollack assessed no limitation at all with regard to Plaintiff's ability to sustain an ordinary routine without special supervision, make simple work-related decisions, work in coordination with or proximity to others, or respond appropriately to changes in the work setting. (T at 521-22).    He also found no limitations regarding Plaintiff's understanding and memory. (T at 520). These contradictions were an appropriate basis for discounting Dr. Pollack's marked limitation assessment.    *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

As to Dr. Seely, he provided several opinions to the effect that Plaintiff could not perform sedentary work due to persistent pain. (T at 21).    However, the ALJ noted that Dr. Seely's opinions were conclusory and not supported by clinical findings. (T at 21).    Moreover, Dr. Seely's findings were contradicted by the MRI results, treatment history, and opinions provided by Drs. Landau, Rubio, Gentile,

Beaty, and Toews. (T at 21-22). The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Plaintiff contends that the opinions of Dr. Seely and Dr. Pollack should have been afforded comparatively more weight.    However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.    If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's findings were supported by substantial evidence and should be sustained.    Thus, the Commissioner's decisions must be upheld. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment)

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB

# IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 16**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 16**, is **GRANTED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and close this case.

DATED this 1st day of December, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – RENGGLI v COLVIN 14-CV-00029-VEB